ZHONGTAI ZHENG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–70110.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Zhongtai Zheng, Monterey Park, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E.

Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hannah B. Baublitz, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN and M. SMITH, Circuit Judges.

MEMORANDUM **

Zhongtai Zheng, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003). We review *de novo* claims of due process violations. *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition.

Substantial evidence supports the BIA's and IJ's denial of asylum based on an adverse credibility finding. Zheng testified inconsistently regarding matters that go to the heart of his claim, including the number of times that he was beaten by fellow inmates at the urging of the police,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

708

and the timing of meetings that he had with superiors at his factory in relation to when the director of the factory was fired for corruption. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004). Zheng also testified inconsistently with his asylum application regarding whether he wrote letters to the factory leaders or met with them in person. *See id.*

Because the adverse credibility finding was not based on the fee receipt Zheng submitted, the IJ's decision to give the document little or no weight did not make the hearing "so fundamentally unfair that [Zheng] was prevented from reasonably presenting his case." *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). Accordingly, we reject Zheng's due process contention. *See id.*

Because Zheng failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Zheng's CAT claim also fails because it is based on the same testimony that the BIA and IJ found not credible, and Zheng points to no other evidence that he could claim the BIA and IJ should have considered. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**